(23 Misc. Rep. 664.)

## CANTANCARITO v. SIEGEL–COOPER CO.

(Supreme Court, Appellate Term. June 6, 1898.)

1. CARE OF EMPLOYE'S CLOTHING—NEGLIGENCE OF MASTER.
   In an action to recover the value of an overcoat owned by plaintiff, which was stolen while he was employed in the defendant's store, it appeared that it had been taken from a wardrobe furnished by the defendant for the outer garments of its employés, which was in a locked inclosure, watched over by a competent person, who uniformly remained by the door all day, and permitted only employés to enter. *Held*, that the facts failed to establish any negligence on the defendant's part.

2. ASSUMPTION OF RISK.
   The plaintiff, being familiar with the arrangements thus provided, had continued in defendant's employment without making any complaint as to the character of the protection thus afforded. *Held*, that he had thereby assumed any risks involved therein.

Appeal from Third district court.

Action by Antonio Cantancarito against the Siegel-Cooper Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Rose & Putzel, for appellant.

E. Eschwege, for respondent.

GILDERSLEEVE, J. The court below awarded the plaintiff judgment for the value of an overcoat lost while plaintiff was in the defendant's employ. Adopting a view of the testimony most favorable to the plaintiff, the facts are that the overcoat disappeared from an open wardrobe, on a floor of defendant's place of business, set apart for the reception of the outer garments of defendant's employés. This wardrobe was situated in a locked inclosure, from which the general public was excluded. Access could only be had, at stated times, through a single door, near which stood the desk of an employé, whose duty it was to remain at that place during the entire

day, and see that none but employés entered the locked inclosure. After the plaintiff had been about a week in defendant's employ, he went, at the conclusion of a day's labor, to the wardrobe, to get his overcoat, prior to leaving for the day, and found that it was gone. He made a demand upon defendant for the return of the coat, and, upon its failure to comply, he brought this action to recover the value of the overcoat.

The principle of law upon which the trial justice seems to have rested the defendant's liability is the negligence of defendant in not providing a sufficiently safe place for plaintiff's overcoat. We think it clearly appears that defendant discharged its full duty to the plaintiff when it provided, as we have seen, a wardrobe in a locked inclosure, inaccessible to the general public, and under the guard and supervision of a competent employé. There is no evidence that the employé who was stationed by the desk at the single door, through which alone access to the wardrobe could be had, was not a competent person, and not well suited to discharge the duties to which he was assigned. There is no evidence to warrant the conclusion that the defendant did not exercise such care in this case, under the circumstances, as could be reasonably expected from an ordinarily prudent employer in furnishing accommodations for the outer clothing of his employés. Moreover, the arrangement for the custody of the plaintiff's overcoat at the time of the loss was the same as it had been during the whole period of the plaintiff's employment. The plaintiff made no complaint as to the character of the protection afforded for the custody of his outer garments; and whatever risk there was in the methods that had been adopted by the defendant, and were in use at the time, he was fully cognizant of, and must be said to have assumed. The plaintiff accepted service, with knowledge of the conditions that prevailed at the time for the safe-keeping of the outer garments of employés, and cannot now be permitted to assert, as the basis of the defendant's liability for the loss he sustained, that they were inadequate and insufficient. We think it clear, upon the proofs, that the defendant was not guilty of any negligence or lack of duty to the plaintiff which caused the loss complained of, and that the court below erred in rendering judgment in his favor.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.